IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| SHEILA M. PEARSON, <br> Plaintiff, | § § § § | |
| v. | § | Civil Action No. 6:14-CV-040-BL |
| | § § | |
| CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security, | § § § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*. On July 10, 2014, Plaintiff Sheila Pearson filed her complaint pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). She paid the case filing fee and appeared to issue a summons to Defendant on that same date. (*See* Docs. 2, 3). However, summons was never returned executed; moreover, Plaintiff made no further effort to serve Defendant or pursue this suit in any way. The United States District Judge reassigned the case to this Court to conduct further proceedings pursuant to 28 U.S.C. § 636(c).

On April 30, 2015, this Court issued notice and an order for Plaintiff to show cause why her complaint should not be dismissed for failure to timely serve Defendant under Federal Rule of Civil Procedure 4(m), which generally allows 120 days for a plaintiff to affect service on a defendant. (Doc. 5). The Court afforded Plaintiff until May 15, 2015 to reply. That date has passed with no response from Plaintiff.

A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (citing

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); *Rogers v. Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998). A court may undertake such a dismissal *sua sponte*. *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). Further, Federal Rule of Civil Procedure (FRCP) 41(b) provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with . . . any order of the court."

Plaintiff has failed to show cause as to why her claim should not be dismissed. Plaintiff's failure to comply both with Rule 4(m) and this Court's orders, in derogation of established case law and FRCP 41(b), demonstrates a manifest lack of interest in litigating her claims.

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims against Defendant be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain

error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 18th day of May, 2015.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**